[No. 15511-3-I. Division One. August 27, 1986.]

THE STATE OF WASHINGTON, *Respondent,* v. KELSEY MORSE, *Appellant.*

*Anna Mari Sarkanen* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Sally Stanfield, Deputy,* for respondent.

GROSSE, J.—Kelsey Morse appeals from an order of restitution entered October 15, 1984. He was convicted of negligent driving, a charge that arose from an accident which resulted in serious and permanent injury to the victim.

The amount of restitution ordered ($2,692) represents reimbursement to the victim's mother for telephone calls and trips to the hospital to visit her son; reimbursement for attorney's fees for pursuing civil remedies; and reimbursement for an unpaid medical bill in the sum of $120.

Morse contends that the trial court abused its discretion in ordering him to pay restitution for expenses of the victim's mother and for attorney's fees to pursue civil remedies. He also contends that the sentencing court abused its discretion in not comparing his negligence with the vic-

tim's negligence and in not reducing the amount of restitution accordingly.

RCW 13.40.190 requires the court to order "the respondent to make restitution to any persons who have suffered loss or damage as a result of the offense committed by the respondent." RCW 13.40.020(17) defines restitution:

> "Restitution" means financial reimbursement by the offender to the victim, and shall be limited to easily ascertainable damages for injury to or loss of property, *actual expenses incurred for medical treatment for physical injury to persons, and lost wages resulting from physical injury.* Restitution shall not include reimbursement for damages for mental anguish, pain and suffering, or other intangible losses. Nothing in this chapter shall limit or replace civil remedies or defenses available to the victim or offender[.]

(Italics ours). RCW 13.40.020(17) is clear and unambiguous on its face; therefore judicial construction is unnecessary. *Automobile Drivers Local 882 v. Department of Retirement Sys.*, 92 Wn.2d 415, 598 P.2d 379 (1979), *cert. denied*, 444 U.S. 1040, 62 L. Ed. 2d 726, 100 S. Ct. 724 (1980). The plain and common meaning of the words of the statute precludes restitution for travel and telephone expense and for attorney's fees.

Appellate review is limited to whether the trial court abused its discretion in ordering restitution. *See State v. Smith*, 33 Wn. App. 791, 658 P.2d 1250 (1983) (applying a different test of abuse of discretion); *State v. Mark*, 36 Wn. App. 428, 675 P.2d 1250 (1984). By requiring Morse to pay restitution for charges which are not allowed by RCW 13.40.020(17), the court acted in excess of its statutory authority. This is a clear abuse of discretion. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971). *But see State v. Smith, supra*. Similarly there is no statutory authority for comparing the negligence of the victim with that of the offender. The trial court did not abuse its discretion in refusing to do this. The bill for $120 which represents unpaid medical expenses is sufficient to afford a reasonable basis for estimating the loss and does not sub-

ject the trier of fact to speculation or conjecture. *State v. Smith, supra.*

We remand with directions to modify the order of restitution to require Morse to pay $120 which represents an unpaid medical expense.

SCHOLFIELD, C.J., and COLEMAN, J., concur.