[No. 18298-6-I. Division One. December 21, 1987.]

THE STATE OF WASHINGTON, *Respondent*, v. JOHNENE L. HALSEN, *Appellant*.

*Anna Mari Sarkanen* of *Washington Appellate Defender Association*, for appellant.

*David S. McEachran, Prosecuting Attorney*, and *David Cottingham, Deputy*, for respondent.

SCHUMACHER, J.*—Johnene L. Halsen pleaded guilty to a charge of first degree custodial interference in violation of RCW 9A.40.060(1) for taking her daughter outside the state with the intent to deny access to the child by the father, who had legal custody. As part of her sentence, Halsen was ordered to pay restitution in the total amount of $2,382.73. Except for an uncontested $29 for a medical examination of the child, the restitution figure represents the costs incurred by the father in his efforts to find and recover his daughter: motel charges, $107.97; gasoline, $223.76; meals, $232.50; telephone charges, $78.50; out-of-pocket expenses, $80; attorney fees to obtain a restraining order, $371; and loss of earnings, $1,260.

Halsen now appeals the superior court restitution order on these three grounds: (1) the trial court exceeded the allowable scope of restitution as defined in RCW 9.94A-.140(1); (2) an inadequate causal connection exists between the crime and the restitution ordered; and (3) in any event the amount must be modified due to a miscalculation.

RCW 9.94A.140(2) provides in part:

> Restitution may be ordered whenever the offender is convicted of an offense which results in injury to any person or damage to or loss of property.

*State v. Goodrich,* 47 Wn. App. 114, 116, 733 P.2d 1000 (1987). "Restitution" is defined as

> the requirement that the offender pay a specific sum of money over a specific period of time to the court as payment of damages. The sum may include both public and private costs.

RCW 9.94A.030(15).[1] A restitution order will not be set aside absent an abuse of discretion. *State v. Morse,* 45 Wn. App. 197, 199, 723 P.2d 1209 (1986).

---

*Judge John W. Schumacher is serving as a judge pro tempore of the Court of Appeals pursuant to RCW 2.06.150.

[1]RCW 9.94A.030 was amended in 1986. Former subsection (15) is now subsection (19). Laws of 1986, ch. 257, § 17, p. 914.

In support of her first argument, Halsen relies principally upon *State v. Morse, supra,* in which the juvenile was convicted of negligent driving following an accident in which another person was seriously injured. The applicable restitution statute in *Morse* was RCW 13.40.020(17) of the Juvenile Justice Act of 1977, which defines restitution in part as follows:

> "Restitution" means financial reimbursement by the offender to the victim, and *shall be limited to easily ascertainable damages for injury to or loss of property, actual expenses incurred for medical treatment for physical injury to persons, and lost wages resulting from physical injury.*

(Italics ours.) *See State v. Morse, supra* at 199.

As part of the sentence for negligent driving, the juvenile court in *Morse* ordered reimbursement to the victim's mother for telephone calls and trips to the hospital to visit her injured son, for attorney fees for pursuing civil remedies, and for an unpaid $120 medical bill. Citing the familiar rule that an unambiguous statute is not subject to judicial construction, this court held that a restitution award for travel and telephone expenses and for attorney fees, which was precluded by the clear statutory language, was an abuse of discretion and modified the order to allow only the medical bill. *Morse,* at 198–200.

In the instant case the applicable statute is RCW 9.94A-.140(1). Prior to its 1982 amendment, RCW 9.94A.140(1) contained identical language to the above italicized portion of RCW 13.40.020(17), but in 1982 RCW 9.94A.140(1)[2] was amended to read in part as follows:

> Restitution ordered by a court pursuant to a criminal conviction shall be based on easily ascertainable damages

---

[2]The pre–1982 version of RCW 9.94A.140(1) reads in part:

"Restitution ordered by a court pursuant to a criminal conviction shall be *limited to* easily ascertainable damages for injury to or loss of property, actual expenses incurred for *medical* treatment for *physical* injury to persons, and lost wages resulting from *physical* injury." (Italics ours.)

The italicized words were either deleted or replaced by the 1982 amendment. Laws of 1982, ch. 192, § 5, p. 800.

for injury to or loss of property, actual expenses incurred for treatment for injury to persons, and lost wages resulting from injury. Restitution shall not include reimbursement for damages for mental anguish, pain and suffering, or other intangible losses.

Since 1982 the restitution allowable in adult criminal sentences is not "limited to" but rather is "based on" the three designated categories. Recoverable expenses are no longer restricted to "medical" treatment, and a reimbursable injury is not confined to a "physical" injury but has been broadened to include any "injury" or "injury to persons." Further, in 1985 the definition of a "victim" was added to RCW 9.94A's definition section as follows:

"Victim" means any person who has sustained physical or *financial* injury to person or property as a direct result of the crime charged.

(Italics ours.) Former RCW 9.94.030(18).[3]

■ Under *Morse* the pertinent language of the pre–1982 version of RCW 9.94A.140(1), which is identical to the language of RCW 13.40.020(17) addressed by the *Morse* court, is, by implication, unambiguous and thus not subject to judicial interpretation. *See Morse,* at 199. "An amendment of an unambiguous statute indicates a purpose to change the law." *People's Org. for Wash. Energy Resources v. Utilities & Transp. Comm'n,* 101 Wn.2d 425, 431, 679 P.2d 922 (1984).

■■ Under *State v. Morse,* RCW 9.94A.140(1)'s language prior to its 1982 amendment would have precluded restitution for travel and telephone expenses, attorney fees, and lost wages not resulting from a physical injury. However, the legislative intent underlying RCW 9.94A.140(1)'s amendment was to broaden the scope of restitution to include actual expenses incurred for the rectification of nonphysical injuries to persons and lost wages resulting

---

[3]*Cf.* RCW 7.68.020(3) of the crime victims compensation act, which defines a "victim" as "a person who suffers *bodily* injury or death as a proximate result of a criminal act of another person . . ." (Italics ours.) *Hansen v. Department of Labor & Indus.,* 27 Wn. App. 223, 225, 615 P.2d 1302 (1980).

from nonphysical injuries[4] so that the father's lost wages and expenses in recovering his stolen child here are allowable as restitution. "The legislature has expressed a strong desire that victims receive restitution from offenders." D. Boerner, *Sentencing in Washington* RCW 9.94A.140 comment, app. 1, at 1–10 (1985), *quoted in State v. Goodrich, supra.*

While the statutory language setting forth the allowable restitution items is that restitution may include "actual expenses incurred for *treatment for* injury to persons," we do not believe that the only "treatment" for injury intended by the statute is *medical* treatment for bodily injuries, *see Webster's Third New International Dictionary* 2435 (1969).

> Where the legislature has not defined words used in the act, the court must then determine as best it can the meaning of the language in accordance with the legislative intent and common understanding so as to prevent absurdities and to advance justice.

(Footnote omitted.) 1A C. Sands, *Statutory Construction* § 20.08 (4th ed. 1972), *quoted in State v. Adcock,* 36 Wn. App. 699, 706, 676 P.2d 1040, *review denied,* 101 Wn.2d 1018 (1984).

"Treatment" is defined as not only the "action or manner of treating a patient medically or surgically" but also the "action or manner of dealing with something often in a specified way." *Webster's Third New International Dictionary* 2435 (1969). In interpreting a statute, a court should avoid a literal reading which results in an unlikely or absurd consequence. "The spirit or purpose of an enactment should prevail over the express but inept wording." *State v. Day,* 96 Wn.2d 646, 648, 638 P.2d 546 (1981). If the current statute were construed to permit restitution for the actual cost of only medical treatment for an injury, then

---

[4]In *State v. Forbes,* 43 Wn. App. 793, 795, 800, 719 P.2d 941 (1986), the court upheld the trial court's order requiring the appellants, who were convicted of professional gambling, to make restitution to the King County Department of Public Safety for the amount of the undercover detective's gambling losses.

RCW 9.94A.140(1)'s 1982 amendment deleting the word "medical" before "treatment" would have been a useless act. It is presumed that the Legislature does not engage in meaningless acts. *State v. McCullum,* 98 Wn.2d 484, 493, 656 P.2d 1064 (1983). Moreover, such a construction would thwart the legislative intent underlying the 1982 amendment to broaden the scope of allowable restitution.

In the instant case the "injury" sustained by the father was the denial of access to a child of whom the father had legal custody, and certainly the claimed expenses in locating and regaining physical custody of the child are those which would reasonably be expected to be incurred in "treating" this injury. As the trial court stated at the restitution hearing:

> The general reason for restitution is to compensate the victim for damages inflicted by the crime. This particular crime of abducting a child or custodial interference is one which seems to me would most often and naturally generate expenses in trying to locate the child.

We believe that the scope of restitution was broadened by RCW 9.94A.140(1)'s 1982 amendment to include the expenses and losses incurred by the father here and find no abuse of discretion on this ground. *State v. Morse, supra.*

Citing *State v. Hartwell,* 38 Wn. App. 135, 684 P.2d 778 (1984), Halsen argues that an insufficient causal connection exists between the offense committed and the father's incurred expenses. In *Hartwell,* at 136, the defendant was convicted of leaving the scene of an accident without rendering aid or leaving identifying information. This court held that the crime of which Hartwell was convicted was not the cause of the injuries sustained in the accident and reversed the trial court order requiring restitution for the injuries, stating: "Had Hartwell stayed at the scene, thereby not committing the offense, the injuries presumably would have been the same." *Hartwell,* at 140–41.

Such is not the case here. If Halsen had not illegally removed the child from this state, the father would not have found it necessary to incur the substantial expense of

recovering the child. A direct causal relation exists between the appellant's offense and the restitution items claimed.

Halsen's third argument is that the restitution amount was incorrectly computed in that the $1,260 lost earnings figure includes $576 attributable to the father's present wife whose expenses were disallowed by the trial court. At the restitution hearing the deputy prosecutor informed the court that the $1,260 includes the lost earnings of the father's wife. Now the State argues that this amount was solely the father's lost earnings and that an additional $405 of the father's lost earnings was inadvertently omitted in calculating the restitution amount. Try as we may, we cannot determine the correct amount of lost earnings without accepting at face value the $1,260 figure which was conceded to be in error.

The cause is remanded for a determination of the amount of the father's loss of earnings allowable as a restitution item, with an appropriate modification of the amount of the restitution order as necessary. Otherwise, the order is affirmed.

WILLIAMS, J., concurs.

SCHOLFIELD, C.J. (concurring in part, dissenting in part)—I agree with the majority opinion that the 1982 amendment of RCW 9.94A.140(1) reflects a legislative purpose to liberalize items allowable in restitution orders.

The claim of lost wages is clearly covered by the provision for "lost wages resulting from injury." Notwithstanding the legislative intent to liberalize restitution, however, I find myself unable to fit the other items of claimed restitution here under the language of the revised statute.

RCW 9.94A.140(1) provides for three categories of restitution. They are (1) injury to or loss of property, (2) actual expenses incurred for treatment for injury to persons, and (3) lost wages resulting from injury.

The motel, gasoline and meal expenses are essentially travel expenses. These travel expenses were incurred in an

effort to recover custody of the child. They cannot be treated as "injury to or loss of property" nor can they be treated as expenses incurred for "*treatment* for injury to persons". (Italics mine.) They are expenses voluntarily incurred for a purpose not covered by the controlling statute. The same reasoning would appear to apply to telephone and attorney's fees.

I agree that these expenses incurred by the child's father in his effort to regain custody did arise out of and are sufficiently related to his injury (loss of custody of the child) that the causal relationship has been satisfied.

Accordingly, I concur that the correct amount of lost wages is a proper item of restitution and that this case should be remanded to the trial court for the purpose of determining the correct amount of restitution for lost wages. I dissent from the portion of the majority opinion which would permit an order of restitution for the motel, gasoline, meals, telephone, out–of–pocket and attorney's fees expenses.

Review granted by Supreme Court April 5, 1988.