# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | DIVISION ONE |
| Respondent, | ) | |
| | ) | No. 74416-0-I |
| v. | ) | (consol. with |
| | ) | No. 74692-8-1) |
| | ) | |
| DONALD DAVID GOSNEY, | ) | |
| | ) | UNPUBLISHED OPINION |
| Appellant. | ) | |
| | ) | |
| | ) | FILED: April 24, 2017 |

DWYER, J. — Donald Gosney appeals from two restitution orders imposed upon him following his plea of guilty to one count of assaulting a police officer in the third degree. Gosney asserts that the evidence presented at the restitution hearings was insufficient to establish a causal relationship between his assault on the officer and the medical expenses and wage loss the officer claimed.

There was sufficient evidence to support the trial court's order. The trial court did not abuse its discretion. Accordingly, we affirm.

I

Gosney was charged with assault in the third degree and attempting to elude a pursuing police vehicle. The State alleged that Gosney assaulted and injured a police officer who was attempting to arrest him and then led police on a

car chase. The officer suffered cervical strain as well as injuries to his shoulder, face, scalp, neck, and leg. Gosney pleaded guilty to the charge of assault in the third degree in exchange for dismissal of the charge of eluding a pursuing police vehicle. His guilty plea was to real facts as set forth in the certificate of probable cause.

As part of Gosney's guilty plea, he agreed to pay full restitution in an amount to be determined at a restitution hearing. At the subsequent restitution hearing, the State presented evidence that the amount of losses incurred was $61,581.16. To prove these losses, the State introduced ledgers from the Department of Labor and Industries (L&I), detailing the providers who treated the injured officer, the dollar amount of their services, and the dates on which the treatments occurred. The cover letter from L&I provided the date of injury, injured party, and claim number. Some of the officer's treatment consisted of psychological counseling. The L&I ledgers also included amounts paid by the department to compensate the officer for wages lost as a result of his injuries. All of the L&I documentation was related to the same claim number.

At the restitution hearing, Gosney challenged the State's evidence, arguing that it did not sufficiently establish causation between his assault of the officer and the losses claimed. The trial judge stated that she was familiar with industrial insurance law and documentation and ruled that the evidence presented was sufficient to establish $54,496.23 in losses. The trial court did, however, reserve ruling on whether there was sufficient evidence to establish that the costs of psychological treatments were related to Gosney's assault of the

officer. The trial court set a second restitution hearing, allowing the State to provide more evidence to prove that the psychological treatment was causally related to the assault.

At the second restitution hearing, the State provided additional evidence, including a letter from the officer's therapist—signed under penalty of perjury—stating that the psychological treatment she provided was related to the assault. The State also provided an e-mail from the officer, stating that, as a result of Gosney assaulting him, he sought psychological counselling. The State additionally provided an e-mail from an L&I adjudicator, stating that the psychiatric services paid by the department were related to Gosney's assault on the officer. At the conclusion of the second restitution hearing, the trial court held that there was sufficient evidence that Gosney's assault of the officer caused the expenses for psychological services.

II

Gosney first asserts that the trial court erred by entering two restitution orders against him, totaling $61,581.16. This is so, Gosney avers, because there was insufficient evidence from which the trial court could conclude that his actions were the proximate cause of the claimed losses. We disagree.

Pursuant to RCW 9.94A.750(5), a court may order restitution "whenever the offender is convicted of an offense which results in injury to any person or damage to or loss of property." An order of restitution may be based on "easily ascertainable damages for injury to or loss of property, actual expenses incurred

for treatment for injury to persons, and lost wages resulting from injury." RCW 9.94A.750(3).

The standard of review for a restitution order is abuse of discretion. State v. Davison, 116 Wn.2d 917, 919, 809 P.2d 1374 (1991) (citing State v. Morse, 45 Wn. App. 197, 199, 723 P.2d 1209 (1986)). A trial court abuses its discretion when it exercises it in a manifestly unreasonable manner or on untenable grounds. State v. Enstone, 137 Wn.2d 675, 679-80, 974 P.2d 828 (1999) (quoting State v. Cunningham, 96 Wn.2d 31, 34, 633 P.2d 886 (1981)).

The rules of evidence do not apply at restitution hearings. State v. Pollard, 66 Wn. App. 779, 784, 834 P.2d 51 (1992). Evidence supporting a restitution award is sufficient if it affords a reasonable basis for estimating loss without subjecting the trier of fact to "'mere speculation or conjecture.'" State v. Deskins, 180 Wn.2d 68, 82-83, 322 P.3d 780 (2014) (internal quotation marks omitted) (quoting State v. Hughes, 154 Wn.2d 118, 154, 110 P.3d 192 (2005)).

Facts supporting a restitution award must be proved by a preponderance of the evidence. State v. Kinneman, 155 Wn.2d 272, 285, 119 P.3d 350 (2005). Restitution is allowed only for losses that are "'causally connected'" to the crimes charged, meaning that, but for the charged crime, the victim would not have incurred the loss. State v. Griffith, 164 Wn.2d 960, 965, 195 P.3d 506 (2008) (internal quotation marks omitted) (quoting State v. Tobin, 161 Wn.2d 517, 524, 166 P.3d 1167 (2007)).

Here, the State presented evidence relating to the officer's injuries and treatment. The original information and statement of probable cause described

the assault on the officer and Gosney's subsequent flight from justice. It contained information that the officer received injuries to his shoulder, spine, face, neck, scalp, and leg. The trial court received an e-mail from the officer stating that the psychological therapy he received stemmed from those injuries. Furthermore, the trial court received an e-mail from the officer's psychiatrist, signed under penalty of perjury, stating that the treatment she provided was related to the assault. Additionally, the trial court received an e-mail from the third party adjudicator, confirming that the psychiatric treatment was related to the assault. Finally, the trial court received 30 pages of L&I documentation listing the date of injury applicable to the claim number, the medical treatments the officer received, the dates on which the treatments occurred, the treatment providers, and the cost of the treatments—all under a single claim number.

The L&I documentation was of particular import. In order to receive any compensation for medical treatments resulting from a work place injury, an injured worker must follow specific documentation rules promulgated by the Department of Labor and Industries pursuant to its statutory authority under Title 51 RCW.

These rules provide, in pertinent part, that:

> The first attending provider must immediately complete and forward a report of the injury or illness to the department or self-insurer and instruct and assist the injured worker in completing his/her portion of the report of the injury or illness. In filing a claim, the following information is necessary so there is no delay in adjudication of the claim or payment of compensation.
> (a) Complete history of the work related accident or exposure.
> (b) Complete listing of positive physical findings.

(c) Specific diagnosis with the current federally adopted ICD-CM code(s) and narrative definition relating to the injury.
(d) Type of treatment rendered.
(e) Known medical, emotional or social conditions which may influence recovery or cause complications
(f) Estimate time-loss due to the injury or illness.

WAC 296-20-025(3).

To receive compensation for wage loss, an employee must also follow the above provisions of WAC 296-20-025(3). Wage loss is compensated pursuant to the rules in RCW 51.32.090 and 51.32.060, pertaining to temporary disability from a work-related injury.

The trial court indicated that it was familiar with L&I procedures and L&I ledgers. The fact that the trial court had experience with L&I claims indicates that the trial court understood the particular showing required to successfully assert a claim for L&I benefits. This includes the requirement that the injured worker and his physician provide "*[c]omplete* history of the work related accident," "*[c]omplete* listing of positive physical findings," and "*[s]pecific* diagnosis," before any claim may be paid. WAC 296-20-025(3) (emphasis added). The fact that the Department of Labor and Industries paid the officer's claims gives rise to an inference that the payments were made according to the law. The trial judge was entitled to credit this inference in deciding whether there was sufficient evidence of causation between Gosney's assault of the officer and the restitution amount claimed. This is so both as to the medical costs claimed and the wage losses incurred. While the documentation showed that the officer missed three days of work in the immediate aftermath of the assault, it also supported the court's

conclusion that other work was missed as a result of the officer's need to attend medical appointments, treatment, and the like.

Gosney asserts that the evidence provided at the restitution hearing was "merely speculative." This assertion is without merit. The evidence was sufficient to afford the trial court a reasonable basis for estimating loss. Deskins, 180 Wn.2d at 82. In fact, the evidence established the losses with particularity. The detailed L&I ledgers set forth payments made for treatment all listed under a single claim number, with the first treatments beginning on the day Gosney assaulted the officer. See State v. Dennis, 101 Wn. App 223, 228, 6 P.3d 1173 (2000) (dated hospital bill coupled with testimony that defendant assaulted the officer on the same day was sufficient evidence that defendant caused the officer's injuries). Gosney provided nothing to refute the State's evidence. The only claim that was merely speculative was Gosney's assertion that the L&I payments might have been made contrary to law.

Gosney's citation to State v. Dedonado, 99 Wn. App. 251, 991 P.2d 1216 (2000), a per curiam opinion decided without the benefit of oral argument, does nothing to alter our analysis. That case dealt with payments made by a private insurer—not payments made by the government pursuant to a detailed, complicated statutory and regulatory scheme. The concerns addressed in that case do not here exist.

There was ample evidence from which the trial court could conclude that Gosney's criminal actions caused the medical expenses and wage loss incurred by the officer. There was no abuse of discretion.

### III

Gosney argues that the court should not impose appellate costs against him because he is indigent. Should such a request be made, the issue is best addressed in accordance with recently amended RAP 14.2.

Affirmed.

We concur: