[No. 10806-9-I.   Division One.   January 31, 1983.]

THE STATE OF WASHINGTON, *Respondent,* v. DAVID D. SMITH, ET AL, *Appellants.*

*Julie Kesler* of *Washington Appellate Defender Association,* for appellants.

*Norm Maleng, Prosecuting Attorney,* and *Timothy X. Sullivan, Deputy,* for respondent.

SWANSON, J.—David D. Smith and his brother Kurt P. Smith pleaded guilty to second degree burglary in the Juvenile Division of King County Superior Court. They appeal alleging (1) the court erred in imposing restitution on the appellants for $30,370 and (2) the restitution provisions of the Juvenile Justice Act of 1977 are unconstitutionally vague. We affirm.

In February 1981, appellants and four other juveniles broke into the basement of Donald Cameron. During six separate entries the boys took gold and silver coins from Cameron's collection, several weapons, ammunition, and model airplane kits. After the juveniles pleaded guilty, the court held a hearing in accordance with the juvenile justice act to determine the amount of restitution. At the hearing, the prosecutor presented the testimony of Cameron and Cameron's brother estimating the loss at over $30,000. Based on the testimony of the juveniles, the defense attorneys estimated the loss at approximately $14,000. The judge believed the victim's figure of $30,370 as the amount of the loss. He found all the juveniles jointly and severally responsible and required those offenders under 16 years old to pay $25 per month and over 16 to pay $50 per month until they reached 21. The amount was subject to modification every 6 months at a hearing considering the amount the boys earned.

The restitution provisions of the Juvenile Justice Act of 1977 provide:

(1) In its dispositional order, the court shall require the respondent to make restitution to any persons who have suffered loss or damage as a result of the offense committed by the respondent. The payment of restitution shall be in addition to any punishment which is imposed pursuant to the other provisions of this chapter. The court may determine the amount, terms, and conditions of the restitution. If the respondent participated in the crime with another person or other persons, all such

participants shall be jointly and severally responsible for the payment of restitution. The court may not require the respondent to pay full or partial restitution if the respondent reasonably satisfies the court that he or she does not have the means to make full or partial restitution and could not reasonably acquire the means to pay such restitution. In cases where an offender has been committed to the department for a period of confinement exceeding fifteen weeks, restitution may be waived.

(2) A respondent under obligation to pay restitution may petition the court for modification of the restitution order.

RCW 13.40.190. RCW 13.40.020(17) defines restitution:

"Restitution" means financial reimbursement by the offender to the victim, and shall be limited to easily ascertainable damages for injury to or loss of property, actual expenses incurred for medical treatment for physical injury to persons, and lost wages resulting from physical injury. Restitution shall not include reimbursement for damages for mental anguish, pain and suffering, or other intangible losses. Nothing in this chapter shall limit or replace civil remedies or defenses available to the victim or offender;

Appellants allege the trial judge exceeded his statutory authority by improperly determining the amount of the victim's loss. In particular, the appellants first claim restitution involves sentence enhancement and thus requires proof of the amount lost beyond a reasonable doubt under the due process clause. Secondly, they argue restitution involves a sentence outside the standard disposition range established pursuant to the act, and therefore, a clear and convincing standard is required under section .230 of the act. Thirdly, appellants contend the loss here was not "easily ascertainable" within the meaning of the statute. We are not persuaded by appellants' arguments. The hearing judge properly determined the amount of loss.

■ We conclude that a determination of the amount of a victim's loss for the purpose of establishing restitution under the juvenile justice act does not involve sentence enhancement, and therefore, there is no need under the due

process clause for proof of the amount lost beyond a reasonable doubt. The due process clause requires proof of every element of a crime beyond a reasonable doubt. *In re Winship,* 397 U.S. 358, 25 L. Ed. 2d 368, 90 S. Ct. 1068 (1970). Facts that enhance a defendant's penalty must be proved beyond a reasonable doubt. *State v. Tongate,* 93 Wn.2d 751, 754, 613 P.2d 121 (1980). The requirement of proof beyond a reasonable doubt serves to protect the accused from an unjust loss ·of liberty or stigmatization by conviction. *Winship,* at 363. The reasonable doubt standard also promotes respect and confidence in the criminal law by reinforcing the community perception that only the truly guilty are convicted. *Winship,* at 364. Some of these reasons apply where a court determination may result in an increased prison term. But they do not apply where the court is determining the amount of restitution under the juvenile justice act. Under the act, by the time the court decides how much the offenders should pay the victim, there is no need for a stringent requirement to protect against loss of liberty, stigmatization, or loss of public confidence in the law because the offender has already been adjudicated guilty. The reasons for the reasonable doubt safeguard do not apply in this context.

Court decisions support this determination. Washington cases holding that facts enhancing a penalty must be proved beyond a reasonable doubt involve enhanced prison sentences. *See, e.g., Tongate,* at 754; *State v. Nass,* 76 Wn.2d 368, 456 P.2d 347 (1969). Washington courts have recognized that trial judges have considerable discretion in determining the amount of restitution in nonjuvenile cases. *E.g., State v. Gunderson,* 74 Wn.2d 226, 230, 444 P.2d 156 (1968); *State v. Rogers,* 30 Wn. App. 653, 657–58, 638 P.2d 89 (1981). Moreover, a review of cases in other jurisdictions involving specifically a question about the basis for fixing the amount of restitution does not suggest courts require proof of loss beyond a reasonable doubt under the due process clause. *See* Annot., 79 A.L.R.3d 976 (1977). Consequently, we hold there is no requirement to prove the

amount of a victim's loss beyond a reasonable doubt for the purpose of determining the amount of restitution under the juvenile justice act.

The appellants also contend clear and convincing proof of loss is required under RCW 13.40.230[1] because the restitution sentence is outside the standard disposition range promulgated by the Secretary of Social and Health Services pursuant to section .030 of the act.

The clear and convincing standard of RCW 13.40.230 does not apply. The standard sentencing range for the appellants' offense does not refer to restitution. The sentencing range standards do not even involve restitution. *See* RCW 13.40.030 and Department of Social and Health Services juvenile sentencing guidelines. Subsection .230(2) addresses the situation where a court sentences a juvenile to detention or community service outside the established standards. Restitution is recognized as a separate sentencing alternative, independent of the standard range. Because it is not outside the standard range within the meaning of RCW 13.40.230, the statute does not require proof of loss by clear and convincing evidence.

The appellants next contend the amount lost here was not "easily ascertainable" as RCW 13.40.020(17) requires. In essence, the appellants argue that because at the hearing they disputed the amount stolen, the loss was not easily ascertainable and restitution could not be imposed for an amount greater than the undisputed loss. We are unpersuaded. We conclude that proof of loss for imposing restitution under the juvenile justice act requires a standard similar to that required to prove damages in a tort context,

---

[1]RCW 13.40.230(2) provides:

"To uphold a disposition outside the standard range, or which imposes confinement for a minor or first offender, the court of appeals must find (a) that the reasons supplied by the disposition judge are supported by the record which was before the judge and that those reasons clearly and convincingly support the conclusion that a disposition within the range, or nonconfinement for a minor or first offender, would constitute a manifest injustice, and (b) that the sentence imposed was neither clearly excessive nor clearly too lenient."

evidence sufficient to afford a reasonable basis for estimating the loss, *e.g., Haner v. Quincy Farm Chems., Inc.,* 29 Wn. App. 93, 98, 627 P.2d 571 (1981). We base this conclusion on a number of considerations.

First, the appellants' interpretation of the "easily ascertainable damages" language of RCW 13.40.020(17), limiting restitution to the amount the offenders claim they took, would greatly weaken the effectiveness of the restitution provisions. As the appellants point out, there was evidence presented by the juveniles here that only about $14,000 was taken. If RCW 13.40.020(17) is construed to allow testimony of the offenders to limit restitution, the restitution requirement could become nearly meaningless by, in effect, letting offenders decide the amount of restitution.

Additionally, requiring evidence sufficient to afford a reasonable basis for the loss is consistent with the language of the act and purposes underlying the restitution provisions. The act grants the hearing judge the right to determine the "amount, terms, and conditions of the restitution." RCW 13.40.150(3)(f), .190(1). RCW 13.40.020(17) defines restitution, and contrary to appellants' position, the easily ascertainable language of that subsection serves to limit the type of damages that may be included in a restitution order, not establish the proof burden for determining the amount of loss. The language emphasizes that only tangible damages such as those "for injury to or loss of property" are allowed, as opposed to intangibles such as pain and suffering. This interpretation of the function of the easily ascertainable damages language conforms with interpretation of similar language involving this issue in other jurisdictions. *See* Annot., 79 A.L.R.3d 976 (1977).

Not only the act's language but the purposes for imposing restitution on juveniles supports the sufficient evidence to afford a reasonable basis for the loss standard. The purposes of the act's restitution provisions are to reimburse the victim for his loss and to hold the juvenile accountable for his conduct. *See* RCW 13.40.010, .190. This standard ach-

ieves those objectives. It allows the trier of fact at the hearing to evaluate the evidence and determine the amount of loss. Once it has been determined that the juvenile is guilty, this standard best allows the court to hold the juvenile accountable and repay the victim. Accordingly, consistent with the act's language and purposes underlying the restitution provisions, and to ensure those provisions are potent, we decide that to prove the amount of loss for imposing restitution under the juvenile justice act there must be evidence sufficient to afford a reasonable basis for the loss.

The court in this case properly determined the amount of loss. The testimony of Cameron and his brother that the value of the lost property was over $30,000 was sufficient to afford a reasonable basis for the amount of loss.

The appellants next contend the trial court exceeded its statutory authority by failing to take into account their ability to pay as required by RCW 13.40.190.

We conclude the court properly considered the appellants' ability to pay in establishing the amount of restitution as required by the act. The court set "as a goal" that those boys under 16 pay $25 per month and those 16 or older pay $50 per month. The court stated this should be looked at as a goal and not a requirement and could be altered depending on the offenders' incomes. Although formally requiring restitution of over $30,000, the court recognized the juveniles probably would never pay that amount. We are convinced that in setting the actual amount to be paid the court looked at the boys' ability to pay. Moreover, the statute grants the court discretion in imposing restitution even if the juvenile shows an inability to pay.

Appellants also claim the trial court abused its discretion by imposing restitution in the amount of $30,370. The court did not abuse its discretion.

The sentencing of criminals is subject to the exercise of sound judicial discretion which will not be set aside absent an abuse. An abuse of discretion occurs only when the decision or order of the court is "'manifestly unrea-

sonable, or exercised on untenable grounds, or for untenable reasons'". It exists "only where it can be said no reasonable man would take the view adopted by the trial court."

(Citations omitted.) *State v. Cunningham*, 96 Wn.2d 31, 34, 633 P.2d 886 (1981).

In light of the basic policies underlying the juvenile justice act, the imposition of restitution here was not "manifestly unreasonable." The act explicitly provides that the Legislature intended that "youth . . . be held accountable for their offenses . . ." RCW 13.40.010. "To effectuate these policies, it shall be the purpose of this chapter to: . . . Provide for restitution to victims of crime". RCW 13.40-.010(2)(h). The imposition of restitution of $30,370 at the rate of $25 per month for David Smith and $50 per month for Kurt Smith does not show an abuse of discretion.

Lastly, appellants challenge the act's restitution provisions as unconstitutionally vague. We disagree. The provisions are constitutional.

■■ We first conclude that the provisions are not subject to a vagueness challenge. The Washington Supreme Court has recognized that the juvenile disposition standards are subject to a vagueness challenge. *State v. Rhodes*, 92 Wn.2d 755, 759, 600 P.2d 1264 (1979). In *Rhodes*, at page 759, the court stated:

Although most vagueness challenges are directed at statutes which prohibit particular conduct without defining that conduct, defendant's constitutionally protected liberty interest created by the juvenile disposition standards is also subject to the void–for–vagueness test.

The restitution provisions of the juvenile justice act, however, are not within the disposition standards of the act, do not affect offenders' liberty interest, and do not prohibit particular conduct. We do not consider the vagueness challenge appropriate here.

■■ Furthermore, even assuming the restitution provisions are subject to the void–for–vagueness test, the provisions satisfy that test. A statute is unconstitutionally

vague if it fails to provide explicit standards to prevent arbitrary and discriminatory enforcement. *Rhodes,* at 758. The challenging party has the burden of proving the statute is unconstitutionally vague. *Rhodes,* at 759. The Smiths fail to meet that burden here.

Many of the act's sections serve to prevent arbitrary and discriminating enforcement of the restitution provisions. RCW 13.40.190 limits the persons to whom restitution may be paid. RCW 13.40.020(17) limits restitution to tangible damages. RCW 13.40.150 requires that a hearing be held to determine the amount of restitution. Finally, RCW 13.40-.010 sets forth the legislative intent of the act, providing the court with additional guidance. *See Rhodes,* at 759. The restitution provisions are not unconstitutionally vague.

The judgment is affirmed.

WILLIAMS and CORBETT, JJ., concur.

Reconsideration denied March 4, 1983.

Review denied by Supreme Court May 10, 1983.