[No. 14801-0-I.   Division One.   January 21, 1985.]

THE STATE OF WASHINGTON, *Respondent,* v. PAUL
D. BEARD, *Appellant.*

*Carey & Burman, Jay Carey,* and *Dennis Lee Burman,* for appellant.

*Seth Dawson, Prosecuting Attorney,* and *Kathleen C. Field, Deputy,* for respondent.

COLEMAN, J.—Paul Beard appeals from a disposition order of the Snohomish County Juvenile Court. Following a finding of manifest injustice under RCW 13.40.160(4),[1] the court imposed a sentence outside the standard range. Beard contends that (1) he was entitled to a written supplemental information filed after the finding of guilt but before the disposition hearing, specifying the factors upon which the State would attempt to prove manifest injustice; (2) the court erred in admitting Beard's presentence report into evidence at the disposition hearing; and (3) the State violated his right to discovery by failing to furnish him with a list of the witnesses it intended to call at the disposition

[1] RCW 13.40.160(4) provides:

"(4) If a respondent is found to be a middle offender:

"(a) The court shall impose a determinate disposition within the standard range(s) for such offense: *Provided,* That if the standard range includes a term of confinement exceeding thirty days, commitment shall be to the department for the standard range of confinement; or

"(b) The court shall impose a determinate disposition of community supervision and/or up to thirty days confinement in which case, if confinement has been imposed, the court shall state either aggravating or mitigating factors as set forth in RCW 13.40.150 as now or hereafter amended.

"(c) Only if the court concludes, and enters reasons for its conclusions, that disposition as provided in subsection (4)(a) or (b) of this section would effectuate a manifest injustice, the court shall sentence the juvenile to a maximum term, and the provisions of RCW 13.40.030(5), as now or hereafter amended, shall be used to determine the range. The court's finding of manifest injustice shall be supported by clear and convincing evidence.

"(d) A disposition pursuant to subsection (4)(c) of this section is appealable under RCW 13.40.230, as now or hereafter amended, by the state or the respondent."

hearing. Beard asks this court to remand his case for resentencing within the standard range of disposition. We affirm.

## STATEMENT OF FACTS

On March 27, 1984, at 11:50 p.m., Wil Gabbard, a night security and night staff person at Turning Point Boys' Home in Snohomish County, apprehended Beard and another resident of the home, John Ferrell, near the locked door to the sleeping quarters of a counselor, Diane Burgess. Beard had been caught previously on December 21, 1983, trying to gain entrance to the staff room where Burgess was sleeping. He admitted to his counselor at the home, Martha Davis, that he had planned to break into Burgess' room on December 21, and that he wanted to rape Burgess. Later, John Ferrell told Davis that Beard had asked Ferrell to help him break into Burgess' sleeping quarters so that Beard could rape her. In counseling sessions, Beard told Davis that he would probably rape Burgess if he had the chance.

At trial, the prosecutor stated to the court that, prior to the fact–finding hearing, she and the probation officer, Sharon Paradis, had informed Beard's counsel that the State intended to request a finding of manifest injustice and disposition outside the standard range under RCW 13.40.160(4)(c). At the conclusion of the fact–finding hearing on May 2, 1984, the court found Beard guilty of attempted second degree burglary. During this hearing, the probation officer, Ms. Paradis, agreed to prepare a presentence report for the May 16, 1984 disposition hearing. At the May 16 hearing, the court found that Beard was a middle offender. The court granted the defense additional time to prepare a response to the State's request for a finding of manifest injustice and disposition outside the standard range. The continuation of the disposition hearing was held on May 22, 1984. On that date, Beard's counsel objected for the first time to the admission of the presentence report at the disposition hearing. He also objected to the State's failure to provide the defense with a list of the witnesses it

intended to call at the disposition hearing. The court offered to order the State to file a supplemental information setting forth the facts upon which the State was basing its request for a finding of manifest injustice. Beard's attorney did not take advantage of this offer.[2]

At the end of the May 22 hearing, the court again offered defense counsel additional time, if he wished, to rebut the factual information the State was relying on in its request for a manifest injustice determination. Beard's counsel did not respond to the court's offer of another continuance.

The court concluded that the standard range sentence would result in a manifest injustice as it "would impose a serious and clear danger to society." The court found that specific aggravating circumstances were present and ordered a disposition outside the standard range.

In this appeal, Beard never contends that the juvenile court abused its discretion or failed to provide adequate reasons in support of its disposition. Rather, Beard's contentions relate solely to the constitutional questions discussed in this opinion.

We address the issues in the order presented by Beard. First we must determine whether the State is required to file a written supplemental information after a finding of guilt in a juvenile proceeding but prior to the disposition hearing. The purpose of requiring the written supplemental information would be to provide the defendant with adequate notice of the State's intent to seek a manifest injustice determination, and thus, to comply with the requirements of due process. In essence, Beard equates the manifest injustice provision in RCW 13.40.160(4)(c) with adult penalty enhancement statutes. He argues that, as in adult penalty enhancement proceedings, the State must file a written supplemental information setting forth the facts

---

[2]In his reply brief, defense counsel argues that the court does not have the power to order the prosecutor to file a written supplemental information; rather, he contends the prosecutor has the discretion to initiate penalty enhancement proceedings in which a written information is required.

upon which the State will base its request for a penalty outside the standard range.

■ Beard's position is not supported by Washington cases. The case most nearly on point is *State v. Whittington,* 27 Wn. App. 422, 618 P.2d 121 (1980). In that case, the juvenile court found that it would be "'manifestly unjust'" to sentence Whittington, the defendant, within the standard range; therefore, the court imposed a custody term outside the standard range. *Whittington,* at 423. Whittington appealed the disposition order. In dicta, the *Whittington* court analogized the disposition hearing in which a manifest injustice finding is sought to adult penalty enhancement proceedings. Specifically, the court compared this type of disposition hearing to proceedings under the habitual criminal statute and to hearings in which the State seeks a finding that a deadly weapon was used. *Whittington,* at 425–26. The court held that Whittington was entitled to "all the procedural safeguards normally required in any criminal trial." *Whittington,* at 426.

The court summarized the facts and concluded that Whittington's due process rights were not violated by the procedures followed there. At the end of Whittington's fact–finding hearing, the State had informed the defendant and the court that it intended to seek a declaration of manifest injustice. The probation counselor submitted a presentence report recommending a finding of manifest injustice and providing the reasons for his recommendation. Whittington's counsel received and reviewed the presentence report before the disposition hearing. The court stated, "[w]hile the State might well find it advantageous to adopt more formal procedures, such as those used in the habitual offender statute, we believe that these circumstances do not dictate a finding of denial of due process." *Whittington,* at 426.

*Whittington* disposes of Beard's first contention. In fact, Beard received essentially the same or more notice than was deemed sufficient in *Whittington.* Like Whittington's attorney, Beard's counsel had oral notice of the State's

intent to seek a finding of manifest injustice. Like Whittington's attorney, before the disposition hearing began defense counsel had received and reviewed the presentence report which recommended a disposition outside the standard range. Moreover, on May 16, the court continued the disposition hearing once, and on May 22, offered the defense a second continuance in order to give Beard's attorney additional time to prepare a response to the presentence report.[3]

We are concerned about Beard's expansive interpretation of the *Whittington* decision. Other Washington cases hold that the purposes of the Juvenile Justice Act of 1977 (RCW 13.40) differ from the purposes that the Legislature intended to achieve in adult penalty enhancement statutes. *See, e.g., State v. Rice,* 98 Wn.2d 384, 396–97, 655 P.2d 1145 (1982); *State v. Bird,* 95 Wn.2d 83, 92, 622 P.2d 1262 (1980) (Dolliver, J., dissenting) (decided before the enactment of RCW 13.04.450); *State v. Adcock,* 36 Wn. App. 699, 704, 676 P.2d 1040, *review denied,* 101 Wn.2d 1018 (1984); RCW 13.04.450 (stating that the provisions of RCW 13.04 and 13.40 are "the exclusive authority for the adjudication and disposition of juvenile offenders except where

---

[3]The Court of Appeals has held that statements on guilty plea forms signed by juvenile offenders provided evidence that they were notified of the State's intent to seek a manifest injustice finding. In *State v. P,* 37 Wn. App. 773, 686 P.2d 488 (1984), Division Two found that the juvenile's statement on his guilty plea indicated that the State had notified him that it was going to seek a finding of manifest injustice. *State v. P,* at 775.

In *State v. Murphy,* 35 Wn. App. 658, 669 P.2d 891 (1983), *review denied,* 100 Wn.2d 1034 (1984), Murphy signed two plea statements before the disposition hearing. In these statements he acknowledged that he had received notice of the probation officer's intent to recommend a manifest injustice finding. *Murphy,* at 665–66. Furthermore, his defense counsel told the trial court that Murphy was aware of the recommendation. Before accepting Murphy's guilty plea, the trial judge asked him if he was aware that the court could sentence him to a term outside the standard disposition range. Murphy replied that he understood and was aware of the prosecutor's recommendation. The court rejected Murphy's contention that he did not receive adequate notice. *Murphy,* at 666.

Beard, of course, did not plead guilty. However, our point is that the acknowledgment the court has found sufficient in the guilty plea forms, *State v. P,* at 775, is far less than the written supplemental information that Beard requests.

otherwise expressly provided.").

While we question the continuing vitality of *Whittington,* we find that its dictates on the issue of notice are entirely satisfied by the facts in the case before us.

We next consider whether the juvenile court violated Beard's constitutional right to confront and cross–examine witnesses by allowing the presentence report to be admitted at the disposition hearing. The *Whittington* court characterized a disposition hearing at which a finding of manifest injustice is sought as an adversary proceeding because of the possibility that a sentence outside the standard range will be imposed. *Whittington,* at 428–29. From that premise the court concluded that a disposition proceeding involving a request for a manifest injustice determination must meet the standards relating to the admissibility of hearsay testimony and the right to confront and cross–examine witnesses, as articulated in *In re Gault,* 387 U.S. 1, 18 L. Ed. 2d 527, 87 S. Ct. 1428 (1967).[4]

The question of the admissibility of the presentence report may be resolved without deciding whether Beard's right of confrontation and cross examination was violated. The court's written findings indicate that the disposition was based on evidence presented at the fact–finding hearing and not on the presentence report. All of this testimony was subject to cross examination. The written findings state that a disposition within the standard range would result in a manifest injustice due to circumstances listed as aggra-

---

[4]As we pointed out in our previous discussion of notice, the language in *State v. Whittington,* 27 Wn. App. 422, 618 P.2d 121 (1980) may be more broadly construed than the actual holding permits. We have the same concern with regard to the *Whittington* court's treatment of hearsay and the right to confront and cross–examine witnesses in juvenile disposition proceedings. We note that ER 1101(c)(3) exempts juvenile disposition hearings from the Rules of Evidence:

(c) . . . The rules (other than with respect to privileges) need not be applied in the following situations: . . .

(3) . . . disposition hearings in juvenile court; . . .

The rule makes no distinction between the types of disposition hearings which are exempt from the Rules of Evidence. However, we need not resolve our questions about *Whittington* here because our decision rests on other grounds.

vating factors. The court described the aggravating factors as follows: "1) Victim vulnerable (asleep); 2) Paul led another boy into the activity; 3) intent to do bodily harm; 4) previous attempt with similar threat to do bodily harm."

Evidence of this attempt and Beard's previous attempt to do bodily harm was established by the testimony of the victim, Diane Burgess, and by Beard's counselor, Martha Davis. Burgess testified that she had discovered Beard outside her door on the evening of December 21, 1983, when she awoke to the sound of the door being rattled. Davis stated that Beard had admitted to her that he had planned to break into Burgess' room and rape Burgess, and that he would do so if he had the chance. Ferrell, the boy who was caught with Beard on the night of March 27, 1984, outside Burgess' door, testified that Beard had asked him to help break into Burgess' room on more than one occasion, including that night. In his oral opinion at the disposition hearing, the judge confirmed that he was basing his manifest injustice finding on information received at the fact–finding hearing. In these circumstances, admission of the presentence report was not error because the evidence from which the judge drew his conclusions was already before him when he received the report. Moreover, we note that the probation counselor who wrote the report and made the sentencing recommendation testified at the disposition hearing and was subject to cross examination.

Finally, we address Beard's contention that the State violated his right to discovery under CrR 4.7(a)(1)(i) and RCW 13.40.140(7). CrR 4.7(a)(1)(i), which is applied to juvenile cases by JuCR 1.4(b), requires the prosecuting attorney to disclose to the defendant the names and addresses of the witnesses the State intends to call at the hearing. Beard argues that since this type of disposition hearing is an adversary proceeding to which all procedural safeguards attach, *State v. Whittington, supra* at 426, the State should have supplied him with a list of the witnesses it intended to call at the disposition hearing.

The response to this argument is simple. The State

called only one witness: the probation counselor, Ms. Paradis. The record clearly indicates that Beard's counsel was aware that the probation officer was submitting a report and that she would be present at the disposition hearing to offer her recommendations. Any failure to provide formal written notice was harmless in these circumstances. Moreover, the remedy for a violation of CrR 4.7 is not exclusion of the testimony. Rather, the rule provides the court with a range of alternative sanctions, including an order compelling the production of the material requested, or a continuance. *State v. Stamm,* 16 Wn. App. 603, 610, 559 P.2d 1 (1976), *review denied,* 91 Wn.2d 1013 (1977). As we have stated above, the court offered the defense a second continuance to provide Beard with additional time to respond if he wished. However, the defense did not accept this offer.

Finding no constitutional error in the procedures employed here, we affirm the disposition order.

WILLIAMS and RINGOLD, JJ., concur.

Review denied by Supreme Court April 19, 1985.