[No. 21381–4–I.   Division One.   April 10, 1989.]

THE STATE OF WASHINGTON, *Respondent,* v. MAURICE
DEVELLE HORNER, *Appellant.*

*Lenell Nussbaum* of *Washington Appellate Defender Association*, for appellant.

*Norm Maleng, Prosecuting Attorney*, and *Greg R. Hubbard, Deputy*, for respondent.

PEKELIS, J.—Maurice D. Horner, a juvenile, pleaded guilty to malicious mischief in the third degree for breaking a car window. The State requested that Horner be ordered to pay restitution of $130.02. Horner appeals from the trial court's order requiring him to pay $100 restitution to his victim.

The victim's actual out–of–pocket expense was $40.02 for a new window. He replaced the damaged window himself, and the remaining $90 of the $130.02 requested was recompense for his labor. The $130.02 request was based on an estimate of the cost of replacement obtained by the victim from a professional auto repair business.

Appellate review of an order of restitution under the Juvenile Justice Act of 1977 is limited to determining whether the trial court abused its discretion in ordering the restitution. *State v. Morse*, 45 Wn. App. 197, 199, 723 P.2d 1209 (1986). A trial court abuses its discretion if it orders restitution not authorized by statute. *Morse*, 45 Wn. App. at 199.

The Juvenile Justice Act of 1977 defines restitution as follows:

"Restitution" means financial reimbursement by the offender to the victim, and shall be limited to easily ascertainable damages for injury to or loss of property, actual expenses incurred for medical treatment for physical injury to persons, and lost wages resulting from physical injury. . . .

RCW 13.40.020(17). Thus, medical expenses must be "actually incurred" before they can be included in an order of restitution, while damages for injury to or loss of property need only be "easily ascertainable."

■ The purposes of the Juvenile Justice Act of 1977, RCW 13.40, include making the juvenile offender accountable for his or her criminal behavior and providing for restitution to victims of crime. RCW 13.40.010(2)(c), (h). Restitution is primarily a rehabilitative tool. *State v. Barr*, 99 Wn.2d 75, 78–79, 658 P.2d 1247 (1983). It is clear that a victim's labor may be included in an order of restitution for injury to property. The nature of the damage caused by the offense remains the same regardless of who makes the repairs, and denying restitution to victims who make their own repairs would defeat the statutory purpose of making offenders accountable for their actions.

The question before us is whether there was a sufficient evidentiary basis for the trial court's order that Horner pay restitution for his victim's labor. We decide this question by determining whether the estimate submitted by the State rendered the value of the victim's labor "easily ascertainable". *See* RCW 13.40.020(17).

■ Horner contends that the fair market value of a professional's labor is not relevant in a case where the victim makes his own repairs. At oral argument his counsel suggested that such evidence is admissible only if a victim has either delayed making the repairs and submits an estimate or has actually paid a professional to make the repairs and brings the bill to court. Horner cites no authority for this odd proposition, and we are not inclined to create a rule which would force victims to make such a choice. Delay is often an impractical alternative, and financial considerations often compel a victim to make the repairs himself rather than incur expenses for which he might never be reimbursed.

Once the fact of damage is established, the precise amount of damage need not be shown with mathematical certainty. *State v. Fellers*, 37 Wn. App. 613, 619, 683 P.2d 209 (1984). Evidence of loss is sufficient if it affords a reasonable basis for establishing the loss and does not subject the trier of fact to mere speculation or conjecture. *Fellers*, 37 Wn. App. at 619.

The estimate of the cost of replacement presented in this case was uncontradicted and provided the trial court a logical and reasonable basis for establishing the victim's loss. The court's order of restitution was based on sound evidence, not speculation or conjecture. Thus, the trial court did not abuse its discretion in ordering Horner to pay $100 restitution.

Affirmed.

WEBSTER and FORREST, JJ., concur.