[No. 27498-8-I.    Division One.    June 29, 1992.]

THE STATE OF WASHINGTON, *Respondent,* v. CHAD
FAMBROUGH, *Appellant.*

*Karen Ann Chaney* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Brenda Bannon, Deputy,* for respondent.

GROSSE, C.J. — Chad Fambrough appeals the amount of restitution ordered at his disposition hearing.

Fambrough pleaded guilty to one count of possession of stolen property in the second degree. His statement on his plea of guilty was:

> On Nov. 9 or 10, 1989 I was riding around on a Honda Spree motorscooter owned by Tammi Martin. When I was riding it, I knew it had been stolen and I shouldn't have it in my possession. This happened in Snohomish County.

This case was transferred to King County for disposition. At the disposition hearing the court imposed a standard range sentence and ordered restitution in the amount of $946.78. The amount was determined from a written repair estimate from Everett Honda Motorcycle. Defense counsel requested restitution in the amount of $175, an amount a police investigator allegedly estimated for repair. The police investigator also allegedly estimated the total fair market value of the moped/scooter at $500. There is no written evidence of these estimates in the record. Defense counsel requested a separate restitution hearing on the amount, but that request was denied.

■ "Appellate review of an order of restitution under the Juvenile Justice Act of 1977 is limited to determining whether the trial court abused its discretion in ordering the

restitution." *State v. Horner*, 53 Wn. App. 806, 807, 770 P.2d 1056 (1989) (citing *State v. Morse*, 45 Wn. App. 197, 199, 723 P.2d 1209 (1986)).

> The Juvenile Justice Act of 1977 defines restitution as follows:
>> "Restitution" means financial reimbursement by the offender to the victim, and shall be limited to easily ascertainable damages for injury to or loss of property, actual expenses incurred for medical treatment for physical injury to persons, and lost wages resulting from physical injury. . . .
>
> [Former] RCW 13.40.020(17).

*State v. Horner*, 53 Wn. App. at 807; *State v. Fellers*, 37 Wn. App. 613, 619, 683 P.2d 209 (1984); *State v. Smith*, 33 Wn. App. 791, 796-97, 658 P.2d 1250, *review denied*, 99 Wn.2d 1013 (1983).

■■ Once the fact of damage is established, the precise amount does not have to be shown with mathematical certainty. *State v. Horner*, 53 Wn. App. at 808 (citing *State v. Fellers*, 37 Wn. App. at 619); *State v. Bush*, 34 Wn. App. 121, 124, 659 P.2d 1127, *review denied*, 99 Wn.2d 1017 (1983). "Evidence of damage is sufficient if it affords a reasonable basis for estimating loss and does not subject the trier of fact to mere speculation or conjecture." *State v. Mark*, 36 Wn. App. 428, 434, 675 P.2d 1250 (1984) (citing *Bush*, 34 Wn. App. at 124); *see also State v. Smith*, 33 Wn. App. at 797. If the amount of damages is established by "substantial credible evidence" at the restitution hearing, no abuse of discretion will be found. *Mark*, 36 Wn. App. at 434.

The *Smith* court also held that the statute does not require a court to hold a special restitution hearing, although courts usually do. It requires only that the court hold a disposition hearing where it shall, among other things, determine the amount of restitution. More importantly, *Smith* held that because restitution involves neither sentence enhancement nor a sentence outside the standard range, the amount of loss need not be proved beyond a reasonable doubt or by clear and convincing evidence. RCW 13.40.020(17), which requires the loss to be "easily ascertainable", does not limit the amount of restitution only to an

undisputed amount. *State v. Smith*, 33 Wn. App. at 794-98. In *Smith* the defendants claimed the amount of restitution was not "easily ascertainable" because they believed the property which was stolen was worth approximately $14,000 versus the $30,370 estimated by the owner and ordered by the court. The *Smith* court concluded

> that proof of loss for imposing restitution under the juvenile justice act requires a standard similar to that required to prove damages in a tort context, evidence sufficient to afford a reasonable basis for estimating the loss, *e.g.*, *Haner v. Quincy Farm Chems., Inc.*, 29 Wn. App. 93, 98, 627 P.2d 571 (1981). We base this conclusion on a number of considerations.

*State v. Smith*, 33 Wn. App. at 796-97. The *Smith* court then went on to say if restitution was limited to the amount the offenders indicated, the effectiveness of the restitution provisions would be greatly weakened. Additionally, requiring evidence sufficient to afford a reasonable basis for the loss is consistent with the language of the act and purposes underlying the restitution provisions. The act grants the hearing judge the right to determine the "amount, terms, and conditions of the restitution." RCW 13.40.190(1); RCW 13.40.150(3)(f).

Fambrough argues that because he disputes the amount of restitution he has the right to cross-examine the preparer of the professional estimate. Fambrough cites no authority for the contention that he has a constitutional right to cross-examine and confront at *restitution* hearings. He cites RCW 13.40.150(1) which is the general statute on disposition hearings. There, the statute talks of the probative value of oral and written reports and that the youth or his counsel has the opportunity to examine and controvert written reports and to cross-examine individuals making reports when such individuals are reasonably available.

The cases cited by Fambrough regarding his right to confrontation or cross examination concern the allegation stage, the punishment stage, or a sentence enhancement, all of which apply to a loss of liberty. There is no loss of

liberty at question here. Under *Smith*, due process is substantially relaxed at a restitution hearing.

RCW 13.40.150(1) is a general statute discussing the scope of the disposition hearing. The specific statutes under the Juvenile Justice Act of 1977 dealing with restitution, RCW 13.40.190 and the definition under RCW 13.40-.020(17), do not afford a right to Fambrough to confront for purposes of restitution. The safeguard for Fambrough and others is that the damages must be easily ascertainable. Here, the court relied on a professional repair estimate. This estimate provided the court with a reasonable basis for estimating the damage to the moped. Further, if Fambrough takes issue with the professional estimate, his rights are protected further because he can bring a petition for modification under RCW 13.40.190(3).

■ Fambrough argues restitution is only for reimbursement of out-of-pocket costs actually spent. This argument has no merit except regarding the provision for recovery of medical expenses. *See State v. Horner*, 53 Wn. App. at 807. The language of the statute clearly establishes differing standards when comparing loss or damage to property as opposed to physical injury.

■ Fambrough also takes issue with the court using an unsworn document as the basis for its decision. This argument also has no merit. The statute itself, RCW 13.40-.150(1), indicates that at a disposition hearing, which includes the setting of restitution, evidence may be received even though it may not be admissible in a hearing on the information. Further, ER 1101(c)(3) specifically exempts juvenile disposition hearings from the rules of evidence. *See State v. Beard*, 39 Wn. App. 601, 607 n.4, 694 P.2d 692, *review denied*, 103 Wn.2d 1032 (1985).

Again, the standard of review for this case is whether the court abused its discretion in setting the amount of restitution. The amount was easily ascertainable, and the estimate provided a reasonable basis for calculating the amount of damages. The estimate was the "most credible evidence" before the court.

The decision of the court cannot be considered an abuse of discretion under the standard of *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).[1] Therefore, we affirm the decision of the trial court.

COLEMAN and BAKER, JJ., concur.

---

[1]"Where the decision or order of the trial court is a matter of discretion, it will not be disturbed on review except on a clear showing of abuse of discretion, that is, discretion manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons."