[No. 52590-5-I.   Division One.   July 6, 2004.]

THE STATE OF WASHINGTON, *Respondent*, v. T.A.D., *Appellant*.

---

[47] *Murray*, 55 Wn.2d at 737.

[48] *Murray*, 55 Wn.2d at 737.

*Cheryl D. Aza* and *Corey M. Endo* (of *Washington Appellate Project*), for appellant.

*Norm Maleng, Prosecuting Attorney*, and *Douglas K. Young, Deputy*, for respondent.

ELLINGTON, A.C.J. — The Juvenile Justice Act of 1997, chapter 13.40 RCW, authorizes restitution to all persons who have suffered loss as a result of a crime. Because of T.A.D.'s shoplifting, his father paid a civil penalty. We affirm the order requiring T.A.D. to reimburse his father.

## FACTS

Sixteen-year old T.A.D. stole a T-shirt worth about $20 from the Bon Marche. The T-shirt was recovered and returned to the store. T.A.D. was charged with one count of theft in the third degree. After a juvenile diversion program failed, he entered a guilty plea. At the plea and disposition hearing, T.A.D.'s father stated that he paid a charge of $195 to the Bon Marche. T.A.D.'s attorney explained, "That was probably the civil penalty. . . . These stores, when you steal something, they charge you a civil penalty."[1] Over T.A.D.'s objection, the court ordered restitution of $100, payable to T.A.D.'s father.[2]

## DISCUSSION

A court's authority to impose restitution is purely statutory.[3] We review restitution orders for abuse of discretion.[4] Juvenile offenders must be ordered to make restitu-

---

[1] Report of Proceedings (June 2, 2003) at 31.32.

[2] T.A.D.'s disposition order lists the award as a fine. It is clear, however, that the court ordered the payment as restitution, and the parties do not make an issue of the error.

[3] *State v. Martinez*, 78 Wn. App. 870, 881, 899 P.2d 1302 (1995).

[4] *Id.*

tion to "any persons who have suffered loss or damage as a result of the offense committed by the respondent."[5] Restitution includes "damages for . . . loss of property."[6]

T.A.D. contends the court had no authority to award restitution for a loss arising from a separate civil matter.[7] T.A.D. relies on *State v. Martinez*,[8] which involved an adult prosecution for arson. The restitution order included expenses incurred by the defendant's insurance company for investigating the fire, and for attorney fees after the defendant brought a civil action to collect on his policy.[9] The applicable statute limited restitution to loss that directly resulted from the crime charged,[10] and the *Martinez* court held these expenses were improper because there was no direct causal relationship between costs incurred and the arson.[11]

■ ■ *Martinez* is inapposite here. RCW 4.24.230(2) provides that parents of minors who shoplift are liable for a civil penalty of $100 to $200 in addition to the retail value of the stolen goods. Such a penalty is a loss suffered as a direct result of the criminal offense. Further, the definition of "victim" is interpreted broadly under the Juvenile Justice Act of 1977, and includes " 'a person who is injured . . . as the result of an occurrence.' "[12] This definition does not limit restitution to injuries received as a direct result of the

---

[5] RCW 13.40.190(1).

[6] RCW 13.40.020(22).

[7] We reject the State's argument that T.A.D. is limited to the specific objection made at the restitution hearing (that his father was not a victim under the restitution statute). A challenge to a court's statutory authority to order restitution may be raised for the first time on appeal. *State v. Fleming*, 75 Wn. App. 270, 276 n.3, 877 P.2d 243 (1994) (lack of trial court jurisdiction may be raised for the first time on appeal) (citing RAP 2.5(a)(1)).

[8] 78 Wn. App. 870, 899 P.2d 1302 (1995).

[9] *Id.*

[10] Former RCW 9.94A.142(1) (1995), *recodified as* RCW 9.94A.753 (LAWS OF 2001, ch. 10, § 6).

[11] *Martinez*, 78 Wn. App. at 885.

[12] *State v. A.M.R.*, 147 Wn. 2d 91, 97-98 51 P.3d 790 (2002) (quoting OXFORD AMERICAN DICTIONARY 773 (1980)); *see also* RCW 13.40.190(1).

crime charged. T.A.D.'s father was a victim for restitution purposes under the Juvenile Justice Act of 1977.

██ ██ T.A.D. also contends the evidence was insufficient to support the order, because his father's statement was unsworn and failed to establish either the fact of loss or a connection to the offense. This is incorrect. Unsworn evidence is admissible at juvenile disposition hearings.[13] T.A.D.'s father's statement and the unrebutted colloquy that followed established the fact of damages, the amount, and the causal relationship between the father's payment of the penalty and T.A.D.'s theft. The evidence was sufficient.

Affirmed.

BAKER and APPELWICK, JJ., concur.

Reconsideration denied August 31, 2004.

Review denied at 154 Wn.2d 1006 (2005).

---

[13] *State v. Fambrough*, 66 Wn. App. 223, 227, 831 P.2d 789 (1992); ER 1101(c)(3) (rules of evidence not applicable to juvenile disposition hearings).