# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>               Respondent,<br><br>   v.<br><br>J. R.,<br><br>               Appellant. | No.  47753-0-II<br><br><br><br>UNPUBLISHED OPINION |

SUTTON, J. — J.R. appeals the juvenile court's denial of her motion to revise the court commissioner's restitution award for a Samsung Galaxy S4 that she stole.  We affirm the juvenile court's denial of J.R.'s motion to revise.

### FACTS

J.R. stole a Samsung Galaxy S4 from J.A.R.[1]  J.R.'s mother returned the phone to the police, and the police returned the phone to J.A.R.  The State charged J.R. with one count of first degree theft under RCW 9A.56.020(1)(a)[2] and 9A.56.030(1)(b).[3]  J.R. entered into a deferred disposition that required her to pay restitution to J.A.R.

---

[1] We use initials to protect the juvenile victim's privacy.

[2] Under RCW 9A.56.020(1)(a), theft is "[t]o wrongfully obtain or exert unauthorized control over the property or services of another or the value thereof, with intent to deprive him or her of such property or services."

[3] Under RCW 9A.56.030(1)(b), first degree theft is defined as theft of "[p]roperty of any value, other than a firearm as defined in RCW 9.41.010 or a motor vehicle, taken from the person of another."

At the restitution hearing, J.A.R. testified that, after the theft, the phone's internet-related functions were no longer useable and the subscriber identity module (SIM) card was missing. J.A.R. also testified that he had not attempted to insert another SIM card, but that insertion of another SIM card would not return the internet-related functions of the phone to a useable state. Before the theft, the phone was "like a month old, maybe two" and in good condition. Clerk's Papers (CP) at 18. J.A.R. testified that he paid $528 to purchase the phone and that he primarily used the phone for its internet-related functions.

Neither party presented evidence of the actual cost of repair. J.A.R. testified that "[he] went [online] and [he] saw some used [Samsung Galaxy S4s] for around $200." CP at 22. He also testified that the phone provider would not cover the replacement cost and that "[he] could sell [the phone] for probably like $100 maybe." CP at 23.

The court commissioner ordered J.R. to pay restitution in the amount of $528. J.R. moved to revise the court commissioner's order of restitution, and the juvenile court denied the motion. J.R. appealed.

## ANALYSIS

### I. STANDARD OF REVIEW

We review a juvenile court's order setting the amount of restitution for an abuse of discretion. *State v. C.A.E.*, 148 Wn. App. 720, 724, 201 P.3d 361 (2009). The juvenile court abuses its discretion only if it bases its decision on unreasonable or untenable grounds. *C.A.E.*, 148 Wn. App. at 724.

## II. RESTITUTION

J.R. argues that the court commissioner abused its discretion by awarding restitution based on the original purchase cost of the phone because the State did not prove that the phone was a total loss. We disagree.

The legislature intended that RCW 13.40.190 provides restitution for victims and that juveniles are held accountable for their conduct. *State v. Bennett*, 63 Wn. App. 530, 533, 821 P.2d 499 (1991). A juvenile court must order a juvenile respondent "to make restitution to any persons who have suffered loss or damage as a result of the offense committed by the respondent." RCW 13.40.190(1)(a). Juvenile courts have discretion over "the amount the juvenile offender owes." *State v. R.G.P.*, 175 Wn. App. 131, 137, 302 P.3d 885 (2013).

Restitution includes "easily ascertainable damages for injury to or loss of property." RCW 13.40.020(26). The State must prove damage, but the extent of that damage "does not have to be shown with mathematical certainty." *State v. Fambrough*, 66 Wn. App. 223, 225, 831 P.2d 789 (1992). Instead, "'[e]vidence of damage is sufficient if it affords a reasonable basis for estimating loss and does not subject the trier of fact to mere speculation or conjecture.'" *Fambrough*, 66 Wn. App. at 225 (quoting *State v. Mark*, 36 Wn. App. 428, 434, 675 P.2d 1250 (1984)).

Here, the only evidence that the court commissioner had that provided a reasonable basis for establishing the amount of the loss was J.A.R.'s testimony that he originally purchased the phone for $528. And, the court commissioner could conclude that the J.A.R. suffered a total loss because J.A.R. testified that the phone was returned to him in an unusable condition. Therefore, the court commissioner did not abuse her discretion when she ordered J.R. to pay restitution in the amount of $528 for the original purchase price of the phone.

J.R. argues that Reanier could have repaired the recovered phone for the price of a SIM card, but there was no evidence that the insertion of another SIM card would have made the phone's internet-related functions useable again. The evidence was not clear as to whether the phone could be repaired for less than $528, and any suggestion it could be was speculative.

J.R. also argues that the amount of restitution should have been offset by $100, the amount J.A.R. testified he would obtain selling the phone in its current condition. However, J.A.R.'s testimony about the current price for which he could sell the phone was speculative. Therefore, the evidence does not establish a reasonable basis for reducing the restitution amount based on J.A.R.'s testimony.

Given the evidence presented, there is a reasonable basis for the restitution award. Thus, the juvenile court did not abuse its discretion in denying J.R.'s motion to revise the restitution award. We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
SUTTON, J.

We concur:

_____
LEE, P.J.

_____
MELNICK, J.