# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  51679-9-II |
| Respondent, | |
| v. | |
| C.N.T., | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, J. — C.T. pleaded guilty in juvenile court to third degree malicious mischief following an altercation during which C.T. broke M.H.'s iPhone 6s.  At a restitution hearing following disposition, the juvenile court ordered C.T. to pay restitution based on the original purchase cost of the phone.

C.T. appeals, arguing that the juvenile court abused its discretion by basing restitution on the original purchase cost of the phone rather than its depreciated market value.  We disagree and affirm.

## FACTS

On January 30, 2018, C.T. pleaded guilty to third degree malicious mischief following an altercation with M.H.  At the disposition hearing, the juvenile court reserved the issue of restitution.

At the subsequent restitution hearing, M.H. testified that during the altercation with C.T., M.H.'s iPhone 6s was broken. M.H. testified that her family purchased the phone for $649.99 over a year prior to the altercation. After the altercation, M.H. took the phone to a repair shop, but they could not fix it. The police report taken after the altercation noted the phone's value at $300, but M.H. could not say where that number came from. M.H. testified that she did not try to find a phone that was equivalent to the value of the broken phone.

The State asked the juvenile court to impose $649.99 in restitution based on the purchase price of the phone. C.T. argued that the juvenile court should consider the depreciation of the phone and impose $300 in restitution based on the police report. The juvenile court observed that the only evidence presented was of the $649.99 purchase price. The juvenile court explained that it considered the value representation in the police report but did not find it to be accurate evidence. Accordingly, the juvenile court entered an order awarding $649.99 in restitution to M.H.

C.T. appeals the juvenile court's order setting restitution.

ANALYSIS

C.T. argues that the superior court abused its discretion by awarding restitution based on the original purchase cost of M.H.'s phone. We disagree.

We review a juvenile court's order setting the amount of restitution for an abuse of discretion. *State v. C.A.E.*, 148 Wn. App. 720, 724, 201 P.3d 361 (2009). The juvenile court abuses its discretion only if it bases its decision on unreasonable or untenable grounds. *C.A.E.*, 148 Wn. App. at 724.

2

A juvenile court must order a juvenile respondent "to make restitution to any persons who have suffered loss or damage as a result of the offense committed by the respondent." RCW 13.40.190(1)(a). Restitution includes "easily ascertainable damages for injury to or loss of property." RCW 13.40.020(26).

"Once the fact of damage is established, the precise amount does not have to be shown with mathematical certainty." *State v. Fambrough*, 66 Wn. App. 223, 225, 831 P.2d 789 (1992). "Evidence of damage is sufficient if it affords a reasonable basis for estimating loss and does not subject the trier of fact to mere speculation or conjecture." *State v. Mark*, 36 Wn. App. 428, 434, 675 P.2d 1250 (1984). If substantial credible evidence establishes the amount of damages at the restitution hearing, no abuse of discretion will be found. *Mark*, 36 Wn. App. at 434.

The parties do not dispute that the phone was a total loss following the altercation. At the evidentiary hearing on restitution, the State presented credible evidence that the amount paid for the phone was $649.99. Contrary to C.T.'s contention on appeal, the State bore no burden to present evidence of the reduced value of M.H.'s phone at the time of the loss. *See Fambrough*, 66 Wn. App. at 225.

Because the precise value of the loss of the phone did not need to be established with mathematical certainty, and because the State presented credible evidence of the cost of the phone at the evidentiary hearing, we hold that the juvenile court did not abuse its discretion by awarding restitution based on the original purchase price of the phone. Consequently, we affirm the juvenile court's order setting restitution.

No. 51679-9-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, J.

We concur:

_____
Lee, A.C.J.

_____
Cruser, J.