IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| THE STATE OF WASHINGTON, Respondent, v. DONALD W. MORGAN, Appellant. | No. 80030-2-I UNPUBLISHED OPINION |

PER CURIAM — The State charged Donald Morgan with two counts of first degree theft and two counts of second degree theft relating to his commission of insurance fraud. As part of a plea agreement, the State agreed to dismiss all but one count of first degree theft, and Morgan agreed to pay restitution on the dismissed charges.

The State and Morgan agreed to the sum of restitution for the second degree thefts, but disputed the sum of restitution for the first degree thefts. Both the State and Morgan presented physical evidence, including bank statements, at a restitution hearing.

Morgan first contends he was denied due process because the trial court did not allow him to confront and cross-examine adverse witnesses. But we have already rejected the argument that the Sixth Amendment right to confront witnesses applies to restitution hearings. State v. Fambrough, 66 Wn. App. 223, 226-27, 831 P.2d 789 (1992). And Morgan's reliance on Morrissey v. Brewer, 408 U.S. 471, 481, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972), which involved due process at parole revocation hearings, is misplaced because restitution hearings do not involve the potential loss of a liberty interest.

Morgan furthermore argues that both the Sixth Amendment and article I, section 21 of the Washington State Constitution require a jury determination of the facts necessary to set a restitution amount.  But this claim has been rejected by the Washington Supreme Court in State v. Kinneman, 155 Wn.2d 272, 285, 119 P.3d 350 (2005).  Though Morgan contends that Alleyne v. United States, 570 U.S. 99, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013), has eroded the reasoning of Kinneman, Alleyne held only that a fact that increases the mandatory minimum penalty for a crime is an element that must be submitted to the jury.  Restitution does not involve a mandatory maximum or minimum penalty and Alleyne is not implicated here.  Morgan's citation to Sofie v. Fibreboard Corp., 112 Wn.2d 636, 648, 771 P.2d 711, 780 P.2d 260 (1989) is similarly uncompelling because Sofie was a civil case in which the court concluded that a statute placing a limit on noneconomic damages was unconstitutional, because it interfered with the jury's traditional function to determine damages.  Morgan provides no analysis of why Sofie applies in a criminal setting to the determination of restitution.

Affirmed.

FOR THE COURT:

_____

_____

Andrus, A.C.J.
_____